UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERTO HERNANDEZ CARBAJAL,<br><br>Petitioner,<br><br>v.<br><br>THE PEOPLE,<br><br>Respondent. | Case No. 22-cv-01486-JD<br><br>**ORDER FOR RESPONDENT TO SHOW CAUSE**<br><br>Re: Dkt. No. 2 |

Alberto Carbajal, a state prisoner, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted in Del Norte County, which is in this district, so venue is proper here. *See* 28 U.S.C. § 2241(d).

## BACKGROUND

Petitioner was found guilty of sixteen counts of assault in connection with attacks on eight different correctional officers during a riot at Pelican Bay State Prison where petitioner was incarcerated. *People v. Carbajal*, No. A161025, 2021 WL 5768571, at *1 (Cal. Ct. App. Dec. 6, 2021). Petitioner was sentenced to 59 years to life consecutive to the life sentence he was already serving. *Id*. at 3. The California Court of Appeal found there was insufficient evidence to support eight of the counts but affirmed the remaining counts. *Id*. at 1. The California Supreme Court denied review. Petition at 3.

## DISCUSSION

### STANDARD OF REVIEW

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v.*

*Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott*, 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief available to the petitioner ... [and] state the facts supporting each ground." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

## LEGAL CLAIMS

As grounds for federal habeas relief, petitioner appears to assert that: (1) there was insufficient evidence to support the conviction of assault against Officer McCully; (2) trial counsel was ineffective for failing to timely disclose to the prosecution that an expert witness would be testifying; and (3) the trial court violated his right to prepare a defense by refusing to allow him to call experts on corrections and the effects of pepper spray. Liberally construed, these claims are sufficient to require a response. If these are not the claims petitioner wishes to proceed with, he must inform the Court within fourteen days of service of this order.

## CONCLUSION

1. The motion to proceed in forma pauperis (Dkt. No. 2) is **GRANTED**. The Clerk shall serve by electronic mail a copy of this order on the Attorney General of the State of California at **SFAWTParalegals@doj.ca.gov**. The Clerk also shall serve a copy of this order on petitioner by regular mail. Respondent can view the petition on the electronic docket (Dkt. No. 1).

2. Respondent shall file with the Court and serve on petitioner, within sixty (60) days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

1    If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the
2    Court and serving it on respondent within twenty-eight (28) days of his receipt of the answer.

3    3.   Respondent may file a motion to dismiss on procedural grounds in lieu of an
4    answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section
5    2254 Cases. If respondent files such a motion, it is due sixty (60) days from the date this order is
6    entered. If a motion is filed, petitioner shall file with the Court and serve on respondent an
7    opposition or statement of non-opposition within twenty-eight (28) days of receipt of the motion,
8    and respondent shall file with the Court and serve on petitioner a reply within fourteen (14) days
9    of receipt of any opposition.

4.   Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated: April 22, 2022

_____
JAMES DONATO
United States District Judge